Filed 1/29/26  P. v. Delamora CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102424 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F03010) |
| v. | |
| FRANK DELAMORA, | |
| Defendant and Appellant. | |

A jury convicted defendant Frank Delamora of six counts of attempted murder, one count of assault with a deadly weapon on a peace officer, one count of firing at an occupied vehicle, and one count of firing at an inhabited dwelling.  He was subsequently resentenced pursuant to Penal Code[1] section 1172.75.  The trial court reimposed the upper term on one count and declined to dismiss any of the firearm enhancements, but

---

[1]      Further undesignated section references are to the Penal Code.

1

struck defendant's prior prison term enhancement.  On appeal, defendant argues the trial court erred by (1) reimposing the upper term based on aggravating facts not found by a jury and (2) not exercising fully informed discretion when declining to dismiss his enhancements.  Because the court based its decision not to dismiss enhancements on the mistaken belief defendant was eligible for elderly parole, we conclude the trial court abused its discretion such that defendant's case must be remanded for a full resentencing.  We otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2010, defendant, along with other individuals, arrived at an apartment complex in a car.  Soon after, defendant got out of the car and pointed a firearm at four victims nearby.  Defendant fired multiple rounds, causing minor injuries to two victims and damage to nearby apartments and vehicles.  Defendant returned to the passenger seat and the car drove away.  The car led law enforcement officers on a high-speed chase.  While traveling over 100 miles per hour on the freeway, defendant fired multiple shots toward a patrol car.  One of these shots hit another car on the freeway.

The jury found true nine firearm enhancements and nine gang enhancements.  In a bifurcated trial, the trial court also found true one prior prison term enhancement and one strike.  Defendant was sentenced to an indeterminate term of 74 years to life and a determinate term of 192 years four months.

In defendant's direct appeal of the jury's verdicts, we reversed the gang enhancements.  (*People v. Delamora* (May 25, 2016, C076142) [nonpub. opn.].)  Following remand, defendant was resentenced to an aggregate sentence of 14 years to life, plus 122 years four months.  This term consisted of 73 years four months for the firearm enhancements and one year for the prior prison term enhancement.

In 2024, defendant, who was 40 years old at the time, was resentenced pursuant to section 1172.75.  At a resentencing hearing, the trial court reviewed the parties' resentencing memoranda and supplemental materials.  The parties agreed defendant's

2

prior prison term enhancement must be stricken. The court then addressed whether to dismiss defendant's firearm enhancements under section 1385. In conducting the public safety analysis under section 1385, the trial court considered "the circumstances of this series of crimes," defendant's criminal history, and defendant's rule violations while incarcerated. The trial court noted that a majority of the rule violations were violent, but also acknowledged defendant had only minor write-ups in recent years. The trial court considered the mitigating factors provided in section 1385, but did not afford "the great weight that is mandated otherwise by [section] 1385." The trial court recognized "this is effectively a life sentence, but . . . that is really the appropriate sentence to protect public safety." The trial court continued, "[Defendant] is going to get parole when he gets parole under elder parole." The trial court encouraged defendant to continue to exhibit good behavior, and stated that it believed elderly parole would be the soonest it could anticipate defendant's release would not endanger public safety. The court struck the prior prison term enhancement and reimposed defendant's prior sentence, which included 73 years four months of firearm enhancements.

Defendant appeals.

DISCUSSION

Defendant argues the trial court's section 1385 analysis "was not an exercise of 'fully informed' discretion," because it was based on the court's mistaken belief defendant was eligible for elderly parole. The People agree the trial court was mistaken as to defendant's eligibility. The People argue, "[T]he record clearly indicates that the trial court would have reached th[e] same conclusion even if it had been aware that [defendant] was not eligible for elderly parole." We disagree with the People.

"Section 1385, subdivision (c)(1), as added by Senate Bill No. 81, provides that '[n]otwithstanding any other law, the court *shall dismiss an enhancement if it is in the furtherance of justice to do so*, except if dismissal of that enhancement is prohibited by any initiative statute.' (Italics added.) Section 1385, subdivision (c)(2) provides in

3

pertinent part, '*In exercising its discretion under this subdivision*, the court shall consider and *afford great weight* to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances *weighs greatly in favor of dismissing the enhancement*, unless the court finds that dismissal of the enhancement would endanger public safety.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.)

We review a trial court's sentencing decisions under section 1385 for an abuse of discretion. (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225; see § 1385, subd. (c)(2).) When a sentencing court is unaware of its discretionary powers, it cannot exercise " 'informed discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) "[T]he appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Ibid*.)

The trial court mistakenly believed defendant was eligible for elderly parole. (See § 3055, subd. (g).)[2] This mistaken belief tainted the trial court's interests of justice analysis, as it relied heavily on the possibility defendant could obtain parole at a later, but certain, date regardless of its decision to dismiss enhancements. Because the trial court was mistaken about parole, we are uncertain the court would impose an identical sentence given the correct understanding that defendant's future parole eligibility rested with the trial court alone. (See *People v. Salazar* (2023) 15 Cal.5th 416, 419 [there must be clear indication the trial court would have reached the same conclusion with fully informed discretion].) Accordingly, defendant is entitled to resentencing under the proper standard. Given this conclusion, we do not decide the remaining issue on appeal since defendant can raise that concern in the trial court.

---

[2] Defendants sentenced under the "Three Strikes" law are ineligible for elderly parole.

4

## DISPOSITION

The sentence is reversed and the matter remanded for a full resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  In all other respects, the judgment is affirmed.


/s/
ROBIE, J.


We concur:


/s/
HULL, Acting P. J.


/s/
FEINBERG, J.